*Judge Pauley*

08 CV 01881

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
PANCOAST TRADING, S.A.          :

           Plaintiff,       :

   - against -                              :

REJOY SHIPPING CO., LTD.         :

           Defendant.     :
------------------------------------------------------X

08 CV _____
ECF CASE

## VERIFIED COMPLAINT

The Plaintiff, PANCOAST TRADING, S.A. ("Plaintiff"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendant, REJOY SHIPPING CO., LTD. ("Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all material times to this action, the Plaintiff was a foreign company duly organized and operating under foreign law with an office and place of business in Liberia and was the Charterer of the M/V SPRING BREEZE 1 ("Vessel").

3. Upon information and belief, at all material times, the Defendant was a foreign corporation or other business entity organized and existing under foreign law with an office and place of business in Valetta, Malta, and was the owner of the Vessel.

4. By a charter party dated January 15, 2007 ("Charter Party"), the Plaintiff chartered the Vessel from the Defendant for one time charter trip with an estimated duration of minimum 11 and maximum 13 months.

5. The Charter Party terms obligated the Defendant to provide its Vessel "with hull, machinery and equipment in a thoroughly efficient state."

6. The Charter Party required the Plaintiff to pay hire for the use of the Vessel on a daily basis, every 15 days in advance.

7. The terms of the Charter Party contained specific circumstances which, if encountered, would entitle the Plaintiff to deduct from hire due any such expenses related to the specific circumstances as set out in the Charter Party.

8. Throughout the duration of the charter period, the Defendant encountered various such circumstances which as per the terms of the Charter Party, entitled the Plaintiff to claim such time lost as off-hire, including:

   a) A period of off-hire while the Defendant carried out repairs to the Vessel at Paranagua Roads in March 2007;

   b) A period of off-hire while the Plaintiff waited for the Defendant's items to be disembarked from the Vessel at La Place in September 2007;

   c) A period of off-hire after the Vessel had grounded at Port La Plata Roads in November 2007;

   d) A period of off-hire while the Defendant deballasted the Vessel and carried out repairs to the Vessel's de-ballasting system at the Mississippi River in January / February 2008; and

   e) A period of off-hire while the Defendant carried out repairs to the Vessel as a result of holds which were found by the authorities to be defective and non-confirming in December 2007 / January 2008 at Port Arthur.

9. During the off-hire periods, the Plaintiff also incurred significant expenses, including but not limited to off-hire expense, bunkers consumed during off-hire, extra cleaning expenses and provision of spare parts.

10. The Plaintiff also suffered damages by way of a sub-charter which was cancelled as a result of the delays incurred during the off-hire period at Port Arthur (see 8(e) above).

11. The delays incurred as per paragraph 8 above, for which the Defendant's are liable under the Charter Party resulted in the Plaintiff suffering losses as described above in the principal amount of $ 546,120.22 exclusive of interest, costs and attorney's fees.

12. The Charter Party provided that any disputes arising thereunder shall be referred to London Arbitration with English law to apply.

13. The Plaintiff and Defendant have commenced arbitration in London pursuant to the Charter Party.

14. Despite due demand, the Defendant has failed to pay the amounts due to the Plaintiff under the Charter Party.

15. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Principal claim: | $546,120.22 |
| B. | Estimated interest on claims: 3 years at 6.5%, compounded quarterly | $116,780.36 |
| C. | Estimated fees and costs for London Arbitration: (£100,703 converted to $$) | $200,000.00 |
| **Total** | | **$862,900.58** |

16. Plaintiff reserves the right to amend the complaint to include additional damages incurred as a result of the Defendant's actions throughout the Charter period.

17. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of

3

Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

18.     The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$862,900.58.**

B.     That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$862,900.58** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at,

4

moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any London arbitration award in Plaintiff's favor against the Defendant as a judgment of this Court;

D. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E. That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: February 26, 2008
New York, NY

The Plaintiff,
PANCOAST TRADING, S.A.

By: _____
Claurisse Campanale Orozco (CC 3581)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
corozco@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )    ss.:    City of New York
County of New York   )

1. My name is Claurisse Campanale-Orozco.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    February 26, 2008
          New York, NY

_____
Claurisse Campanale-Orozco